**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0687n.06
Filed: November 12, 2008

**06-4106**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WENDELL ROSS, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and MOORE, Circuit Judges; DUGGAN,[*] District Judge.

The defendant, Wendell Ross, appeals his convictions on charges of possession of a firearm by a convicted felon, possession with intent to distribute marijuana, and carrying a firearm during and in relation to a drug-trafficking offense. Ross claims that his federal trial and conviction on these charges violated the Double Jeopardy Clause because he had already been convicted for the same offenses in municipal court. Ross also claims that evidence seized from his car should have been suppressed because the search was the result of racial-profiling and because the arresting officer's testimony that he detected the odor of marijuana coming from Ross's car was not credible. He further contends that the district court should have permitted his former attorney to explain why Ross plead guilty

_____

[*]The Hon. Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

to charges in municipal court. Finally, he claims that the district court committed reversible error in refusing to allow a local police officer to testify about the circumstances surrounding the arrest of Ross's brother for possession of the same handgun involved in the present case. Although the court's ruling in the last instance may have been inappropriate, it could not have affected the jury's verdict, given the other evidence of guilt, and any error in connection with that ruling must be considered harmless. The other issues raised on appeal are likewise without merit.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 1:30 am on the night of the defendant's arrest, Cincinnati police officers Bryan Dettmer and Sandy Hanes were traveling southbound on Reading Road when they passed Wendell Ross's car, a Mercedes Benz, headed in the other direction. Both officers heard loud noise, possibly music, coming from Ross's car, a violation of Cincinnati's city code that prohibits any noise audible from a distance over 50 feet. Officer Dettmer turned the patrol car around and stopped Ross, intending to cite him for violating the noise ordinance. Dettmer said that when he approached the car, he detected the odor of marijuana emanating from the Mercedes. Dettmer took Ross's license and insurance card back to the patrol car and told his partner that he smelled marijuana. When Dettmer returned to the Mercedes, he told Ross that he smelled marijuana and asked if Ross had anything in the car that he wanted to turn over voluntarily. Ross handed Officer Dettmer a small plastic bag of marijuana that had been in a compartment on the driver's door.

Officer Dettmer then noticed a paper bag in the back seat of the car; when he asked Ross about the paper bag, Ross handed it to him. Inside the paper bag were four separately wrapped plastic bags of marijuana. Dettmer asked Ross to step out of the car, handcuffed Ross, took him back to the patrol car, and frisked him. At the same time, Officer Hanes searched Ross's car and found two bags of marijuana in the glove compartment, along with a revolver. Hanes also found a scale in the car and two small bags of marijuana in Ross's wallet. In total, the officers found 112.4 grams of marijuana. Some of the conversations between Hanes and Dettmer and between Dettmer and Ross were captured on the patrol car's video-recording system, although the machine was turned off when Ross was later put in the back of the police vehicle.

Ross was arrested and charged with misdemeanor possession of marijuana and illegal possession of a handgun. Ross pleaded guilty to "attempted improper transportation of a firearm in a motor vehicle" and possession of marijuana in municipal court, receiving a $50 fine and a 90-day sentence later commuted to a year of "community control" on the improper-transportation conviction and a $100 fine on the drug-possession conviction.

Three months later, a federal grand jury indicted Ross on charges of felon in possession of a handgun, possession of marijuana with intent to distribute, and carrying a firearm in relation to a drug-trafficking offense. The defendant moved to suppress the results of the car search, along with statements he made to police at the time of arrest. Following a suppression hearing, the district court held that statements made by Ross from

the time he was handcuffed until he was read his Miranda rights were inadmissible. However, the district court refused to suppress a statement by Ross, recorded by the officers, confirming his admission that "everything in the car" belonged to him. The court also ruled admissible all the physical evidence seized from the Mercedes, finding that the search of the car was a valid extension of the traffic stop.

At trial, Wendell Ross's brother, Anthony Ross, testified that the gun and the marijuana in the glove compartment belonged to him and that he had put them in the glove compartment of his brother's car without Wendell knowing about their presence. After hearing this testimony, a Cincinnati police officer, Jennifer Ernst, secured a warrant for Anthony's arrest, charging possession of the handgun found in the glove box at the time of Wendell's arrest, based solely on Anthony's sworn testimony in federal court. The next day, before closing arguments, Ross moved to reopen the proof to call Officer Ernst as a witness to rehabilitate Anthony Ross's testimony, in an effort to show that Wendell Ross had not intentionally possessed the gun in question. The court denied defense counsel's motion to reopen and also his motion in limine to prevent the government from attacking Anthony's credibility in closing argument.

Ross was found guilty on all three counts and sentenced as a career criminal to 20 years' imprisonment. He now appeals the various rulings of the district court outlined above. We find no reversible error and affirm the judgment incorporating the jury's verdict.

## II. **DISCUSSION**

### A. **Double Jeopardy Ruling**

The Fifth Amendment provides that "[no person] shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. Under the dual sovereignty doctrine, however, prosecution for the same conduct in both state and federal court is not considered a violation of the Double Jeopardy Clause. *See Heath v. Alabama*, 474 U.S. 82, 88-89 (1985). Hence, Ross's misdemeanor convictions in municipal court were legally insufficient to bar his prosecution in federal court.

### B. **Suppression Hearing Determinations**

A district court's ruling on a motion to suppress is reviewed for clear error as to the court's findings of fact and de novo as to its conclusions of law. See United States v. Foster, 376 F.3d 577, 583 (6th Cir. 2004) (citing United States v. Hurst, 228 F.3d 751, 756 (6th Cir. 2000)). We "must accept the findings of fact upon which the district court relied in dealing with suppression of evidence unless those findings are clearly erroneous." United States v. French, 974 F.2d 687, 691 (6th Cir.1992). Furthermore, when reviewing the denial of a motion to suppress evidence, we consider the evidence in the light most favorable to the government. See United States v. Rodriguez-Suazo, 346 F.3d 637, 643 (6th Cir. 2003).

The district court made a preliminary finding that the stop of the defendant's vehicle was based on probable cause, a question of law that we review de novo. See United States v. Garza, 10 F.3d 1241, 1245 (6th Cir. 1993). That ruling was based on the court's determination that the Officers Dettmer and Hanes had stopped Ross on the basis of a violation of the municipal noise ordination. We conclude that the evidence fully supports the district court's decision. See United States v. Burton, 334 F.3d 514, 516-17 (6th Cir. 2003) (officer has probable cause to conduct a traffic stop based on reason to believe that a city ordinance has been violated). For the same reason, the evidence does not support the defendant's contention that the officers' invocation of the excessive noise ordinance was pretextual and that their real motivation involved impermissible racial-profiling, i.e., that Ross was – in the words of the district judge – "a black man driving a nice car." When an officer has probable cause to conduct a traffic stop, he or she may do so regardless of a subjective motivation for the stop. See id. at 516 (citing Whren v. United States, 517 U.S. 806 (1996)). As the Supreme Court has noted:

> [T]he Constitution prohibits selective enforcement of the law based on considerations such as race. But the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment. Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.

Whren, 517 U.S. at 813 (emphasis added).

The defendant contends in the alternative that even if the initial stop was justified, its scope was constitutionally impermissible. But this challenge is premised largely on the

argument that Officer Dettmer's testimony that he detected the odor of raw marijuana emanating from the defendant's car was not credible, given the circumstances surrounding the traffic stop of the defendant's car and particularly in light of Officer Hanes's testimony that she could not smell marijuana from the other side of the vehicle. Of course, the district judge heard the testimony of both officers, who were subjected to lengthy cross-examination at the suppression hearing, and determined that Dettmer was fully credible.

Based on our review of the record, we find no clear error in connection with the court's factual findings. Matters of credibility are largely within the purview of the fact-finder – in this case, the district judge – and findings of credibility are entitled to deference on appeal. See United States v. Johnson, 344 F.3d 562, 567 (6th Cir. 2003). The record in this case includes the videotape, which shows that upon initial contact with Ross, Officer Dettmer informed him that he had been stopped for a violation of the excessive noise ordinance. When Dettmer returned to his patrol car with Ross's license and registration, he immediately told Hanes that he had smelled marijuana in Ross's car and intended to investigate further, with her assistance. His subsequent conversation with Ross confirmed his suspicion that there was contraband in the car. We find no clear error in connection with the district court's determination that Dettmer had detected the odor of marijuana and was justified in expanding the scope of the initial traffic stop. The defendant's action in handing over contraband and statements he made to the arresting officers established probable cause to search the car, which in turn led to the discovery of the handgun in the glove box, as well as additional marijuana.

Although some of the defendant's initial statements were ruled inadmissible by the district court, his post-Miranda admission that "everything in the car" was his was not suppressed. That statement, and the circumstances surrounding it, were captured on videotape. We find no error in the district court's determination that this evidence was admissible at trial.

## C. Evidentiary Rulings at Trial

At trial, Ross sought to have his former attorney, Edward Felson, testify about the circumstances surrounding his client's decision to plead guilty to the misdemeanor charges in municipal court, in an effort to establish that Ross was motivated by considerations other than actual guilt. However, the district court had reviewed the videotape of the municipal court proceedings and made a finding that Ross's guilty pleas were voluntarily and knowingly entered and that he "was fully aware of the direct consequences of the plea[s]." Exercising appropriate discretion, the district court therefore ruled that Felson's proposed testimony constituted collateral evidence challenging the municipal court convictions and was inadmissible hearsay. As the district court noted, a defendant's right to compulsory process under the Sixth Amendment, while fundamental, is not absolute. *United States v. Hamilton*, 128 F.3d 996, 1000 (6th Cir. 1997) (citing *Washington v. Texas*, 388 U.S. 14, 19 (1967)). Thus, it is well-established that "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard

rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Thus, there was no error in connection with this determination by the district court.

More problematic is the district court's denial of the defendant's motion to reopen the proof on the morning that the case was to be argued and submitted to the jury. Counsel sought to bolster the testimony by the defendant's brother, Anthony, that the gun and marijuana found in the Mercedes glove compartment were actually his, not Wendell's; that Anthony had put them there the day before Wendell's arrest; and that Wendell may not have known that those items were in the car when he was stopped by Officers Dettmer and Hanes. Defense counsel proposed to do so by calling as an additional defense witness a Cincinnati police officer who, based on Anthony's testimony on his brother's behalf the preceding afternoon, had secured a municipal court warrant for his arrest for illegal possession of a weapon.

Testifying for his brother at trial the day before, Anthony had presented what can only be described as an improbable explanation for the presence of the handgun in the Mercedes, saying that he had purchased it for $50 from "a dope addict" because he had been robbed recently and felt that he needed protection on the street. Anthony claimed that he had run into Wendell by chance a few hours before Wendell's arrest later that same night and that he rode a short distance in the Mercedes with his brother, then left the gun in the car while he went into a nameless convenience store across the street from the bar where Wendell had gone. Anthony said that did not take the gun into the store with him

because there were "[a] lot of cameras in the store and around the store and [he] didn't want anything to happen, anything to fall out, anything, wrong ideas." Anthony further testified that when he came out of the store a few minutes later, he discovered that Wendell had driven off without him. Anthony claimed that he had no way to contact Wendell to retrieve his property, even though Wendell had several cell phones, because the minutes on his own cell phone had expired. Asked why he had not reported the robbery that caused him to purchase the weapon or explained to law enforcement authorities at the time Wendell was charged that the gun was actually his, Anthony could say only that he had given the information to Wendell's first attorney, Edward Felson, but not to Cincinnati police.

It is clear from the jury's verdict that jurors did not credit Anthony Ross's testimony, but the defendant now blames that fact on the district court's failure to reopen the proof to allow introduction of the arrest warrant issued for Anthony and testimony from the local police officer who swore out the complaint against him. The argument set out in the defendant's brief on appeal is that "the prosecutor had gone to great lengths to discredit the testimony of Anthony Ross during its cross-examination of him" but, "illogically and hypocritically, *the government arrested him*" and then "attempted to wiggle out of its ruse by claiming that *they* had charged him [with possession occurring] on the day before the defendant in the instant matter [was arrested]." (Emphasis added.) The difficulty with this argument is, of course, that "the instant matter" was a federal charge prosecuted by the federal government, and the warrant was issued at the behest of a non-federal officer in Cincinnati's municipal court. Obviously, then, "the government" that had challenged the

credibility of Anthony Ross's testimony was not the same "government" that arrested him, as the district court noted in denying the motion to reopen.

A court's ruling on a motion to reopen the proof is reviewed for abuse of discretion. *See United States v. Blankenship*, 775 F.2d 735, 740-41 (6th Cir. 1985). In order to secure reopening, the moving party must show that the evidence to be presented is relevant, admissible, adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. *See United States v. Reid*, 357 F.3d 574, 581 n.7 (6th Cir. 2004). Finally, the district court "must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion." *Id.*

In this case, the defendant's motion to reopen was certainly timely, and the evidence itself was not inadmissible, nor was it totally irrelevant. On the other hand, it does not appear that the evidence was truly "adequate" in terms of the purpose for which it was offered, *i.e.*, to convince the jury that Anthony's version of how the gun came to be in the Mercedes was believable, in order to establish that Wendell's possession of the weapon was necessarily unknowing and unintentional. Moreover, the additional evidence might have been confusing, rather than helpful, to the jury in its deliberations, given the confused argument presented by the defendant on appeal. The best that can be said is that if the district court's decision not to reopen the proof was an abuse of discretion and, therefore, error, that error must be considered harmless in view of the other evidence in the record, including Wendell's statement to police at the time of his arrest that "everything in the car

was his" and his subsequent guilty plea to the weapons charge in municipal court. We decline to find that the ruling on the motion to reopen entitles the defendant to a new trial.

## III.  **CONCLUSION**

For the reasons set out above, we find no reversible error and AFFIRM the judgment of the district court.

DUGGAN, District Judge, concurring. I agree with the majority that the decision of the district court should be affirmed. I write separately, however, because I disagree with the majority's conclusion that the proposed testimony of the Cincinnati police officer was "not inadmissible." (Op. at 11.) As the majority acknowledges, the officer decided to secure a warrant for the arrest of defendant's brother, Anthony, for the illegal possession of a weapon, "based on Anthony's testimony on his brother's behalf the preceding afternoon." (Op. at 9.) As the majority further acknowledges, defendant offered the police officer's testimony to bolster the credibility of the brother's testimony. (*Id*.) The jury heard the testimony of defendant's brother, however, at the same time the Cincinnati police officer heard the testimony. The fact that the police officer believed the brother should not influence the trier of fact with respect to the credibility of the brother's testimony. Therefore, in my opinion, the police officer's testimony was not admissible.